UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

RENEE STEPHENS

*(Enter full name of plaintiff(s))*

Plaintiff(s),

v.

NIKE INC

*(Enter full name of ALL defendant(s))*

Defendant(s).

Civil Case No. CV'11.- 736  ST
*(to be assigned by Clerk of the Court)*

COMPLAINT FOR
EMPLOYMENT
DISCRIMINATION

Jury Trial Demanded
☑ Yes      ☐ No

## I. JURISDICTION

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
   NOTE: *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
   NOTE: *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
   NOTE: *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, *et seq*, for employment discrimination on the basis of a disability by an employer which constitutes a program or activity receiving federal financial assistance.
   *NOTE: In order to bring suit in federal district court under the Rehabilitation Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

☑ Oregon Unlawful Employment Discrimination Law, ORS 659A.030 (race, color, religion, sex, sexual orientation, national origin, martial status, age).

☐ Oregon Unlawful Employment Discrimination Against Injured Workers Law, ORS 659A.040

☐ Oregon Unlawful Employment Discrimination Against Persons with Disabilities Law, ORS 659A.112.

☐ Other (*specify*): _____

## II. PARTIES

*List your name, address, and telephone number below, and the same information for each defendant. Make sure that the defendant(s) listed below are identical to those contained in the caption of the complaint. Attach additional sheets of paper if necessary.*

**Plaintiff**        Name: Renee Stephens
                     Street Address: 7135 SW 54th Avenue
                     City, State & Zip Code: Portland, OR 97219
                     Telephone No. 503-977-7935

**Defendant No. 1**  Name: NIKE INC
                     Street Address: One Bowerman Drive
                     City, State & Zip Code: Beaverton, OR 97005
                     Telephone No. 503-671-6453

**Defendant No. 2**  Name: _____
                     Street Address: _____
                     City, State & Zip Code: _____
                     Telephone No. _____

**Defendant No. 3**   Name: _____

Street Address: _____

City, State & Zip Code: _____

Telephone No. _____

## III. STATEMENT OF CLAIMS

A. The discriminatory conduct of which I complain in this action includes: (*check only those that apply*)

- [x] Failure to hire me.
- [x] Termination of my employment.
- [ ] Failure to promote me.
- [ ] Failure to accommodate my disability.
- [x] Terms and conditions of my employment differ from those of similar employees.
- [x] Retaliation.
- [x] Harassment.
- [ ] Other acts (*specify*): _____.

*Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B. It is my best recollection that the alleged discriminatory acts occurred on:
From 03-2007 to current _____ (*insert date(s)*).

C. I believe that defendant(s) (*check one*):

- [x] is still committing these acts against me.
- [ ] is no longer committing these acts against me.

D. Defendant(s) discriminated against me based on my (*check only those that apply*):

- [x] race/color
- [ ] national origin
- [ ] religion
- [x] gender/sex
- [ ] age (*date of birth*: _____)
- [ ] disability or perceived disability: Retaliation _____
  (*specify*)

E. The facts of my case are as follow (*attach additional sheets as necessary*):

*State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. As additional support for the facts of your claim, you may attach a copy of your charge filed with the Equal Employment Opportunity Commission and/or the Oregon Bureau of Labor and Industries.*

1

The plaintiff was a junior designer working at one of the defendant's subsidiary companies, Exeter Brands Group, LLC, between 2005 and 2007. The plaintiff complained about sexual harassment to the defendant on March 5, 2007. Specifically, that Randy Wolfe, a senior designer above the plaintiff whom the plaintiff was taking design direction from, inappropriately touched the plaintiff on two occasions, made inappropriate sexual remarks towards the plaintiff, and directed the same type of behavior towards another senior designer above the plaintiff, Cory McCuallagh, in the plaintiff's presence. The defendant conducted an investigation and determined that there was behavior inconsistent with its policies. The defendant informed the plaintiff of its determination on March 9, 2007.

(see additional attached sheets)

## III. EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

A. I filed a charge with the Equal Employment Opportunity Commission or counselor regarding the alleged discriminatory conduct by defendant(s) on: September 20, 2010 (*date*)

B. The Equal Employment Opportunity Commission and/or the Oregon Bureau of Labor and Industries (*check one*):

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on March 25, 2011 (*insert date*):
Note: Attach a copy of the Notice of Right to Sue letter

C. *(Answer this Question only if you allege age discrimination)* Since filing my charge of age discrimination with the Equal Employment Opportunity Commission *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## IV. RELIEF

State *briefly* exactly what you want the court to do for you and the amount, if any, of monetary compensation you are seeking. Make no legal arguments. Cite no cases or statutes.

I am seeking $300,000 in compensatory damages. I am seeking $300,000 in punitive damages. I am seeking injunctive relief that I be reinstated to a comparable footwear designer position that I would have had if the discriminatory acts were not violated against me and that the defendants immediately change their policy to prevent any such further discrimination from taking place against other employees.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 16 day of June, 2011.

_____
*Signature of Plaintiff(s)*

1.

The plaintiff was a junior designer working at one of the defendant's subsidiary companies, Exeter Brands Group, LLC, between 2005 and 2007. The plaintiff complained about sexual harassment to the defendant on March 5, 2007. Specifically, that Randy Wolfe, a senior designer above the plaintiff whom the plaintiff was taking design direction from, inappropriately touched the plaintiff on two occasions; made inappropriate sexual remarks towards the plaintiff; and directed the same type of behavior towards another senior designer above the plaintiff, Cory McCuallagh, in the plaintiff's presence. The defendant conducted an investigation and determined that there was behavior inconsistent with its policies. The defendant informed the plaintiff of its determination on March 9, 2007.

2.

The defendant informed the plaintiff that he was to continue working with Wolfe. The plaintiff did not believe that continuing the work relationship under the circumstances was an adequate remedy. The plaintiff filed a sex discrimination charge with the EEOC on March 12, 2007. The plaintiff continued to work with Wolfe while avoiding any un-necessary interaction with him and openly protested to management about the circumstance.

3.

On or about April 2, 2007 Richard McDevitt, the plaintiff's manager, verbally reassigned the plaintiff to begin taking direction from Shawn Wenzel, a new senior designer to Exeter Brands Group who was to head up its NASCAR initiative. On August 13, 2007 the defendant informed the plaintiff that the NASCAR initiative was being divested and the plaintiff's position was being eliminated with the divestment. On August 29, 2007 the plaintiff filed a retaliation charge against the defendant with the EEOC.

4.

The plaintiff applied to approximately four positions that he believed he qualified for, which he was not interviewed for. On September 25, 2007 Lisa Olivia, the defendant's head design recruiter, sent the plaintiff an invitation to apply to a position that the plaintiff did not qualify for and the plaintiff declined to apply to that position.

5.

The defendant's offered the plaintiff a severance package which was contingent on a release of claims on August 26, 2007. The plaintiff declined to accept the defendant's severance package because the plaintiff had an open EEOC charge pending investigation and a release of claims would have affected that action.

6.

The plaintiff's official last day at the defendant's company was on October 1, 2007. After leaving the defendant's company the plaintiff continued to apply to positions that he believed he qualified for. On June 6, 2008 the plaintiff filed a pro se lawsuit against the defendant's company in the Washington County Circuit Court for the State of Oregon pursuant to ORS 659A.030 claiming discrimination based on sexual harassment, sex discrimination, and retaliation.

7.

The defendant refused to consider, interview, and hire the plaintiff for positions that he applied to from September 8, 2007 to August 9, 2010. On January 30, 2009 during settlement discussions of the plaintiff's lawsuit the defendant told the plaintiff never to apply again to its company. The defendant did not explain its reasons for asking the plaintiff to never reapply again.

2

8.

On June 18, 2010 the defendant made offers to the plaintiff to waive court costs and fees incurred by the plaintiff's private lawsuit against the defendant that were contingent on the plaintiff's withdraw of his pending EEOC charge.

9.

The defendant requested as a discovery item in the plaintiff's litigation of his discrimination lawsuit the plaintiff's portfolio on December 8, 2008 and then returned the portfolio to the plaintiff in its entirety. The plaintiff found out on or about August 20, 2010 from Meiju Ong, an EEOC official, that the defendant was refusing to consider him for employment because apparently he had items in his portfolio that were considered to be inconsistent with the defendants policy not to have publicly unpublished materials in employee portfolios. When the plaintiff realized that he had unknowingly violated the defendant's policy, he verified that the materials had not been viewed by the person he sent them to and he immediately returned the items to the defendant's attorneys.

10.

Wolfe, a Caucasian, also violated one of the defendant's policies, but he was given the opportunity to explain his actions, apologize, re-apply after he was laid-off, interview, was rehired to a position, and he received additional coaching on his policy violation, which included an opportunity to take a refresher course on the policy he violated.

3

11.

To the plaintiff's knowledge the defendant has not conducted an investigation of the plaintiff's policy violation, has not given the plaintiff an opportunity to explain his actions or apologize; the defendant did not provide any coaching for the plaintiff or refresher courses on the policy he violated; and the plaintiff has received no opportunity to be considered, interviewed, or rehired like Wolfe. The plaintiff believes that these actions are discriminatory because the defendant does not apply its no-rehire policy neutrally to policy violators. The defendant is treating the plaintiff more harshly for violating its policies because of the plaintiff's race as an African-American and the defendant is continuing to retaliate against the plaintiff for filing charges of discrimination against the defendant.