**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **RENEE STEPHENS,** | ) |
| Plaintiff, | ) 3:11-cv-00736-HU |
| vs. | ) **FINDINGS AND** |
| **NIKE, INC.,** | ) **RECOMMENDATION** |
| Defendant. | ) |

Renee Stephens
renee.stephens1@comcast.net
7135 SW 54th Avenue
Portland, Oregon
Telephone: (503) 977-7935

    Plaintiff *Pro Se*

Amy Joseph Pedersen
ajpedersen@stoel.com
P.K. Runkles-Pearson
pkrp@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR 97204
Telephone: (503) 224-3380
Facsimile: (503) 220-2480

    Attorneys for Defendant

FINDINGS AND RECOMMENDATION        1

HUBEL, Magistrate Judge:

Plaintiff Renee Stephens ("Stephens") filed this employment action against defendant Nike, Inc. ("Nike") on June 17, 2011, alleging discrimination, harassment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and Oregon Revised Statute ("ORS") 659A.030. This court has original jurisdiction over Stephens' federal claims, 28 U.S.C. § 1331, and supplemental jurisdiction over his state law causes of action, 28 U.S.C. § 1367. Now before the court are Nike's motion to compel responses to interrogatories and production of documents, and Nike's motion for sanctions. For the reasons that follow, Nike's motion (dkt. #50) to compel should be **DENIED** as moot and Nike's motion (dkt. #53) for sanctions should be **GRANTED** in part and **DENIED** in part.

### *I. RELEVANT PROCEDURAL BACKGROUND*

On October 24, 2011, a case management conference was held pursuant to Federal Rule of Civil Procedure ("Rule") 16. On that same day, the court issued a Rule 16 scheduling order establishing a deadline of February 17, 2012 for completion of all discovery, and a deadline of March 2, 2012 for the filing of pretrial dispositive motions. (Dkt. #17.)

On November 8, 2011, Nike served Stephens with requests for production under Rule 34 and interrogatories under Rule 33. (Def.'s Mem. Supp. Mot. Compel at 2.) Because Stephens never responded to those requests, Nike's counsel emailed Stephens on December 19, 2011, informing him that he had not responded in a timely manner, requesting that he provide documents and

FINDINGS AND RECOMMENDATION    2

interrogatory responses, and proposing dates for his deposition. (*Id.*)

On December 22, 2011, having received no response, Nike's counsel wrote Stephens via first class mail and certified mail, telling Stephens that counsel had not received a response to its December 19 email and reiterating the content of the email. (*Id.*) Nike's counsel later received the return receipt for the certified letter, which was signed "Renee Stephens." (*Id.*)

On January 4, 2012, Nike's counsel still had not received a response from Stephens, but was able to reach him at his home telephone number. (*Id.*) According to Nike's counsel, "[Stephens] admitted that he had received the email and the letter, but . . . refused to provide any date by which he would respond to the discovery requests . . . [and] refused to provide any date when Nike could take his deposition."[1]  (*Id.* at 2-3.) Nike's counsel informed Stephens that it had no choice but to file a motion to compel. (*Id.* at 3.)

On January 9, 2012, Nike filed its motion to compel, requesting that the court order Stephens to provide a response to its interrogatories and to provide all documents responsive to its requests for production.[2]  (Dkt. #50.) On that same day, Nike

---

[1] Apparently, Stephens told Nike's counsel, "I have a life. I have kids. I have a job. . . . I'll respond to your request later." (Runkles-Pearson Decl. Supp. Def.'s Mot. Compel. ¶ 3.)

[2] In its supporting memorandum, Nike's counsel indicated that they would notice Stephen's deposition for one of the dates it proposed since Stephens failed to respond to their good faith requests to confer regarding the scheduling of his deposition. (Def.'s Mem. Supp. Mot. Compel at 3 n.1.) The Local Rules for the District of Oregon state that, "[e]xcept for good cause, counsel will not serve a notice of deposition until they have made a good

FINDINGS AND RECOMMENDATION    3

served Stephens by first class mail and certified mail with a notice that it would take his deposition at the law offices of Stoel Rives LLP in Portland, Oregon, at 9:30 a.m., on January 27, 2012. (Runkles-Pearson Decl. ¶¶ 5, 7.)

Stephens did not appear for his deposition on January 27, 2012, nor did he call or email Nike's counsel regarding any scheduling conflict.[3] (*Id.* ¶ 7.) After 10:00 a.m., counsel attempted to call Stephens at his last-known telephone number, but reached only an automated message. (*Id.*)

On February 1, 2012, Nike's counsel telephoned Stephens to confer regarding a motion for sanctions. (*Id.* ¶ 13.) Because Nike's counsel was unable to reach Stephens, they left him a voicemail and email. (*Id.*) Nike's counsel's February 1, 2012 email was sent at 3:56 p.m. and states:

> Mr. Stephens:
>
> This follows my voicemail to you on the same subject. As I mentioned in that voicemail, Nike intends to move for sanctions (including fees and dismissal of your case) because you failed to appear for your properly noticed deposition on [January 27] and have not responded to Nike's discovery requests or its motion to compel. I am trying to reach you to confer about that motion. Please call me as soon as possible to discuss.
>
> If I do not hear from you, I will file the motion tomorrow morning around 10 AM.

(*Id.* Ex. 3.)

---

faith effort to confer with all counsel regarding a mutually convenient date, time, and place for the deposition." LR 30-2.

[3] In a prior state court proceeding between the parties, Nike's counsel deposed Stephens at Stoel Rives' offices after first noticing his deposition. (*Id.* ¶ 10.) Stephens also served and timely responded to multiple requests for production. (*Id.* ¶ 11.)

FINDINGS AND RECOMMENDATION     4

1    On February 2, 2012, at 3:06 p.m., Nike filed its motion for
2 sanctions against Stephens, requesting that the court dismiss
3 Stephens' claims with prejudice and award Nike its reasonable
4 expenses and attorneys' fees incurred as a result of Stephens'
5 failure to comply with his discovery obligations.  (Dkt. #53;
6 Def.'s Mem. Supp. Mot. Sanctions at 1.)
7    On February 6, 2012, Stephens was ordered to show cause, in
8 writing, by March 9, 2012, why this case should not be dismissed
9 for failure to prosecute.  (Dkt. # 56.)  Stephens never responded
10 to Nike's motion to compel; however, on February 6, 2012, he filed
11 a response to Nike's motion for sanctions.  (Dkt. #58.)
12    In his response, Stephens says he "has not refused to comply
13 with Nike's requests for discovery" and that he explained to Nike's
14 counsel "that he is experiencing a very difficult time in his life
15 and needs more time to comply with [Nike]'s requests."  (Pl.'s
16 Resp. Def.'s Mot. Sanctions (dkt. #58) at 1.)  In support of his
17 position, Stephens indicates that he and his wife have four
18 children, one of which was diagnosed with diabetes in July 2011 and
19 another that injured her knee in November 2011. (*Id.*)  Despite the
20 rapidly approaching February 17, 2012 discovery cut off date, *i.e.*,
21 eleven days after the filing of his response to Nike's motion for
22 sanctions, Stephens claims Nike's counsel "has continued to
23 unreasonably press [me] for its discovery requests." (*Id.* at 2.)
24    Nike's counsel filed a reply brief on February 9, 2012,
25 stating:
26    Nothing in [Stephens'] response to Nike's motion for
     sanctions explains why [Stephens] not only failed to
27   respond to discovery requests and appear for his
     deposition, but why [Stephens] *also* failed to respond to
28   counsel's repeated requests for even the most basic

FINDINGS AND RECOMMENDATION     5

| | |
|---|---|
|1|     contact and meaningful conferral. . . . [Stephens] never once called or emailed to let Nike know that he would not provide responses or attend his deposition.|

    contact and meaningful conferral. . . . [Stephens] never once called or emailed to let Nike know that he would not provide responses or attend his deposition.

(Def.'s Reply Supp. Mot. Sanctions at 1) (emphasis in the original).

On March 9, 2012, Stephens responded to the court's order to show cause, stating, amongst other things, that:

> Dismissing this case will not stop me from continuing to pursue [Nike]. I will simply continue to apply for positions that I qualify for at [Nike] and when they do not hire me, because they already told me that they will never hire me again, I will file new EEOC charges and we will all find ourselves back here again. Dismissing this case without thorough litigation will not benefit any party involved, including this Court. We [will] only face more protracted litigation, which is wasting everyone's time and money.

(Pl.'s Resp. Order Show Cause at 1.) Stephens also requests that the court "allow this pending litigation to proceed and merge this case with" *Stephens v. Multnomah County*, 3:12-cv-00171-MO (D. Or. filed Jan. 30, 2012). (Pl.'s Resp. Order Show Cause at 8.) The named defendants in the proceeding before Judge Mosman include Nike, Amy Joseph Pedersen ("Pedersen"), P.K. Runkles-Pearson ("Runkles-Pearson"), Stoel Rives LLP, Phil Knight, and several Oregon state court judges.

### *II. DISCUSSION*

Nike moves the court for an order dismissing this action with prejudice and awarding Nike its reasonable costs and fees incurred as a result of Stephen's failure to comply with his discovery obligations. Rule 37(d)(1)(A) states that, on motion, a court may order sanctions if "(i) a party . . . fails, after being served with proper notice, to appear for that person's deposition; or (ii) a party, after being properly served with interrogatories under

FINDINGS AND RECOMMENDATION      6

Rule 33 . . . fails to serve its answers, objections, or written response." FED. R. CIV. P. 37(d)(1)(A). Such sanctions may include, *inter alia*, "dismissing the action or proceeding in whole or in part[.]" FED. R. CIV. P. 37(b)(2)(A)(v). Moreover, "instead of or in addition to these sanctions, the court must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

In determining whether to exercise its discretion to dismiss an action under Rule 37, the court weighs "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002) (citation omitted). The key factors, however, are prejudice and availability of lesser sanctions. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).

To begin with, I note that the Ninth Circuit "encourage[s] dismissal . . . where the district court determines that . . . a party has acted willfully or in bad faith in failing to comply with rules of discovery or . . . in flagrant disregard of those rules." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (citation and internal quotation marks omitted). Indeed,

> [l]itigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other litigants of an

FINDINGS AND RECOMMENDATION     7

opportunity to use the courts as a serious dispute-settlement mechanism.

*G.K. Properties v. Redevelopment Agency*, 577 F.2d 645, 647 (9th Cir. 1978).

That said, I conclude that dismissal is an appropriate Rule 37 sanction based on *Rio Properties*' multi-factor test. In *Barker v. Hertz Corp.*, No. CV 07-554-PHX-MHM, 2008 WL 2705152 (D. Ariz. June 26, 2008), the court concluded that *Rio Properties*' five-factor test "weigh[ed] heavily in favor of dismissal" based, most notably, on (1) the plaintiff failing to respond to the defendant's first request for production of documents and first set of interrogatories; and (2) the passing of the discovery cutoff date and dispositive motions deadline. *Id.* at *5-6.

Similarly, in this case, as in *Barker*, Stephens failed to respond to Nike's November 8, 2011 requests for production under Rule 34 and interrogatories under Rule 33. The discovery cutoff date and dispositive motions deadline also passed on February 17, 2012, and March 2, 2012, respectively. Stephen's failure to meet his discovery obligations and to abide by this court's scheduling order has led to the discovery and dispositive motion deadlines elapsing without any meaningful exploration of Stephen's claims, which, in turn, has prejudiced Nike. *See Barker*, 2008 WL 2705152, at *5 (making similar observations).

Further, conduct that rises to the level of willfulness, bad faith, or fault, *e.g.*, conduct not shown to be outside the control of the litigant, *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994), is sufficient to justify dismissal. *Henry v. Gil Indus.*, 983 F.2d 943, 948-49 (9th Cir. 1993). Failing to respond

FINDINGS AND RECOMMENDATION      8

to discovery requests or to submit to deposition is "hardly 'outside the control of the litigant.'" *Id.* at 949 (quoting *United Artists Corp. v. La Cage Aux Folles*, 771 F.2d 1265, 1270 (9th Cir. 1985)).

Stephens has offered various explanations for his discovery misconduct, but none persuade me that circumstances outside his control caused his transgressions. For example, Stephens claims he "has not even had time to formulate or make his own discovery requests in th[is] action" and that he "is not an attorney and does not enjoy dedicated time to deal with his legal issues." (Pl.'s Resp. Def.'s Mot. Sanctions at 2.) Yet, on January 30, 2012, three days after he was supposed to submit to deposition, Stephens had the time to file a sixty-one page complaint in this court against a bevy of defendants, including Nike and its counsel, Pedersen and Runkles-Pearson.

Stephens' claim that his children's health problems interfered with his ability to respond to the discovery requests seems disingenuous. As a matter of routine, I ask the parties when their schedules will allow completion of discovery knowing they have a much clearer insight into their scheduling issues and other commitments than the court does. When the court discussed the selection of discovery deadlines at the Rule 16 conference on October 24, 2011, Stephens made no mention of the child allegedly diagnosed with diabetes in July 2011.

Stephens is not an attorney, but he is no stranger to litigation and threatens to continue filing more and more cases with no offer of compliance with his obligations as a party to follow courts rules, orders and deadlines. Indeed, he has already

FINDINGS AND RECOMMENDATION        9

multiplied the litigation in this court with his new case filed surrounding many of these same issues on January 30, 2012.

Overall, the record suggests that Stephens acted in willful disobedience of his discovery obligations. (*See* Pl.'s Resp. Def.'s Mot. Sanctions at 3) ("[Nike] is asking for information from the plaintiff [that] is very similar to what it obtained in [a] previous state case. The plaintiff should not have to go through such an ordeal again just to have his issues addressed [by] this Court. . . . [I] will not subject [my]self to further psychological and emotional harm by the defendant by appearing at a deposition[.]"); (*see also* Stephens Decl. ¶ 7) (indicating that Stephens should not have to interact with Nike's counsel until the proceeding before Judge Mosman has been resolved).

In short, considering Stephen's inaction and failure to comply with Nike's counsel's discovery requests and this court's scheduling order, no meaningful lesser sanction than dismissal exists. To date, Stephens "has filed six EEOC charges, two state court lawsuits, one appeal and this federal lawsuit against Nike, all related to his layoff from Nike. All but this lawsuit have been dismissed." (Runkles-Pearson Decl. ¶ 2.)[4] There is no reason to prolong this dispute any further.

This conclusion is bolstered by the fact that Stephens sued Nike in Washington County Circuit Court in July of 2008, alleging employment discrimination and retaliation in violation of ORS

---

[4] It does not appear that Nike's counsel accounted for Stephens' case before Judge Mosman, which was filed three days prior to the filing of her declaration and also includes allegations regarding his employment with Nike. (03:12-cv-00171-MO (dkt. #2) ¶ 9.)

FINDINGS AND RECOMMENDATION     10

659A.030. As I noted in my June 29, 2011 Order denying Stephens' application to proceed *in forma pauperis* and motion for appointment of *pro bono* counsel,

> [a] search of Washington County Circuit Court records reveals that Nike's motion for summary judgment was granted in the state court proceeding, and judgment was entered against Stephens on April 8, 2009. Stephens appealed, and the Oregon Court of Appeals affirmed the trial court's grant of summary judgment on December 29, 2010. *Stephens v. Nike, Inc.*, 240 Or. App. 352, 246 P.3d 773 (Table, No. A141956) (Dec. 29, 2010). The Oregon Supreme Court denied further review on April 7, 2011. *Stephens v. Nike, Inc.*, 350 Or. 230, __ P.3d __ (Table, No. A141956, S059178) (Apr. 7, 2011).
>
> In the present case, it appears that, in addition to some new claims, Stephens is attempting to assert the same claims that already were adjudicated in the state court case. To the extent Stephens brings the same claims against Nike that he brought in the state court action, the doctrine of *res judicata* or claim preclusion would bar relitigation of those claims in this court.

(Dkt. #8, at 2-3.)

With respect to monetary sanctions, indigency, standing alone, does not make an award of expenses or attorney's fee unjust. *Barker*, 2008 WL 2705152, at *8 (citation omitted). As the Supreme Court has recognized, *pro se* litigants "have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations- filing fees and attorney's fees- that deter other litigants from filing frivolous petitions." *In re Sindram*, 498 U.S. 177, 180, 111 S. Ct. 596, 112 L. Ed. 2d 599 (1991). Nevertheless, I conclude that Stephens, who resigned from his latest position as a security guard,[5] should not be required to pay fees and costs in this case.

---

[5] (*See* Pl.'s Resp. Order Show Cause at 8) ("I have now been disqualified from receiving food stamps because 'I quit my productive job' [as a security guard].")

FINDINGS AND RECOMMENDATION    11

*See Elliott v. United Parcel Serv., Inc.*, No. C07-05453 RBL, 2009 WL 213004, at *2 (W.D. Wash. Jan. 28, 2009) (holding "it would be unjust to require a *pro se* plaintiff to pay fees and costs for the depositions.")  Dismissal alone is an appropriate sanction. However, a continuation of further litigation without complying with court rules, orders and deadlines may warrant a different result in the future.

### *III.  CONCLUSION*

For the foregoing reasons, Nike's motion Nike's motion (dkt. #53) for sanctions should be **GRANTED** in part and **DENIED** in part. This case should be dismissed with prejudice, but Nike's counsel should not be awarded fees or costs.  As a result, Nike's motion (dkt. #50) to compel should be **DENIED** as moot.

Alternatively, if the district judge deems dismissal inappropriate, then Stephens should be given two weeks to: (1) respond to Nike's interrogatories; (2) produce all responsive and otherwise producible documents; and (3) submit to deposition.[6] Absent a persuasive justification to the contrary, Stephens' deposition should be held in the courthouse for no longer than seven hours and the parties must utilize a single court reporter or means by which to record his deposition.

///

///

///

---

[6] At the hearing on March 6, 2012, Stephens said he could respond to the request for production and interrogatories as well as sit for his deposition within two weeks, despite not doing so since the order to show cause of February 6, 2012.

FINDINGS AND RECOMMENDATION    12

### IV. SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **April 6, 2012.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **April 23, 2012.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this 19th day of March, 2012.

/s/ Dennis J. Hubel

_____
Dennis James Hubel
Unites States Magistrate Judge

FINDINGS AND RECOMMENDATION     13