IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RENEE STEPHENS**,

    Plaintiff,

        v.

**NIKE, INC.**,

    Defendant.

No. 3:11-cv-00736-HU

OPINION AND ORDER

**MOSMAN, J.**,

On March 19, 2012, Magistrate Judge Hubel issued Findings and Recommendation ("F&R") [64] in the above-captioned case, recommending that I either: (1) deny as moot defendant's motion to compel [50] and grant in part and deny in part defendant's motion for sanctions [53]; or (2) deny the motion for sanctions, grant the motion to compel, and order plaintiff to respond to the requests for production, answer the interrogatories, and submit to deposition within two weeks. Plaintiff filed objections [68] and defendant responded [69]. For the following reasons, I adopt Judge Hubel's latter recommendation.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but

1 – OPINION AND ORDER

retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. See *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

"A district court should consider five factors before imposing the sanction of dismissal: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Rio Properties, Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002). "[T]he key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990). The "district court must also determine that the violations of discovery orders were due to the willfulness, bad faith, or fault of the party." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994). I adopt Judge Hubel's analysis with regard to the third factor.

The remaining four factors, however, outweigh the risk of prejudice to defendant. The first and second factors favor alternative sanctions to dismissal considering that the trial in this case is currently set for January 2013, and therefore, if plaintiff remedies the issues at the center of this dispute within two weeks, the court will be still be able to adhere to this date. The "fourth [factor]

cuts against a default or dismissal sanction." *Wanderer*, 910 at 656. Lastly, the second "key" factor and fifth overall—the availability of less drastic sanctions—weighs heavily against dismissal. In reviewing this factor, a district court must: (1) discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate; (2) if possible, implement alternative sanctions before ordering dismissal; and (3) warn the party of the possibility of dismissal before actually ordering it. *Hyde & Drath*, 24 F.3d at 1167. This court has not implemented less drastic sanctions before ordering dismissal, and pursuant to Judge Hubel's recommendation, there are alternative sanctions available. In sum, therefore, I find that the five factors weigh in favor of Judge Hubel's recommendation that plaintiff be given two weeks to remedy the issues at the center of this dispute. In light of this finding, I need not address willfulness, although I agree with Judge Hubel's analysis assuming the factors weighed in favor of dismissal. Plaintiff should be wary of viewing my decision as the proverbial cookie however, as now that he has been warned that dismissal may result from the failure to abide by court deadlines, this court will not look favorably on his request down the road for a glass of milk.

## CONCLUSION

Upon review, I ADOPT in part Judge Hubel's F&R [64] as my own. Defendant's Motion to Compel [50] is GRANTED. Defendant's Motion for Imposition of Sanctions [53] is DENIED. Plaintiff shall: respond to defendant's interrogatories; produce all responsive and otherwise producible documents; and submit to deposition within two weeks from the date of this order.

IT IS SO ORDERED.

DATED this __17th__ day of May, 2012.

/s/ Michael W. Mosman\
MICHAEL W. MOSMAN\
United States District Court

3 – OPINION AND ORDER