IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RENEE STEPHENS,**

        Plaintiff,

  v.

**NIKE, INC.,**

        Defendant.

No. 3:11-cv-00736-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Presently in front of me is defendant's Bill of Costs [115], which defendant submitted following judgment [110] in its favor. For the following reasons, I award defendant $1,368.82 in costs.

## DISCUSSION

    Defendant seeks reimbursement for costs associated with (1) fees for printed or electronically recorded transcripts; (2) fees for exemplification and the costs of making copies;

1 – OPINION AND ORDER

(3) docket fees under 28 U.S.C. § 1923; and (4) court reporter and videographer fees. (Bill of Costs [115] at 1; Pedersen Decl. [116] at 2.) Plaintiff did not file objections.

Costs, generally, are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). Expenses that may be taxed as costs are enumerated in 28 U.S.C. § 1920. The court may not tax costs beyond those authorized by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). "Courts, however, are free to construe the meaning and scope of the items enumerated as taxable costs in § 1920." *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995). The losing party incurs the burden of demonstrating why certain costs should not be awarded. *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999). The court "need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). When the court exercises its discretion to deny costs, it must explain its reasons for doing so. *Id.*

**A.**  ***Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for Use in the Case***

Fees incurred in obtaining printed or electronically recorded transcripts may be recovered, provided that the transcripts are "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *see also Ass'n of Flight Attendants v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551 (9th Cir. 1992). However, "a party cannot recover costs for copies prepared for the convenience of the attorneys." *Alexander Mfg., Inc. Emp. Stock Ownership & Trust v. Ill. Union Ins. Co.*, 688 F. Supp. 2d 1170, 1177 (D. Or. 2010).

Defendant seeks $843.62 in costs for deposition and hearing transcripts. This includes the transcript of the deposition where plaintiff did not appear, the transcript of the Order to Show

Cause hearing, and the transcript and exhibits of plaintiff's deposition. Accordingly, I find that these transcripts fit within 28 U.S.C. § 1920(2) and award defendant $843.62 in costs.

Defendant also seeks "other costs" of $750.00 for court reporter and videographer fees from plaintiff's depositions. In *adidas America, Inc. v. Herbalife Int'l*, I noted that the Ninth Circuit has not addressed the issue of whether video deposition costs can be recovered in addition to stenographic transcription costs. *See adidas America, Inc. v. Herbalife Int'l*, No. 3:09–CV–00661–MO, 2–3 (D. Or. Sept. 5, 2012) (citing *In re Ricoh Co., Ltd. Patent Litigation*, 661 F.3d 1361, 1370 (Fed. Cir. 2011)). Additionally, there is some variance in this court's approach to the matter. *Compare id.* (court found costs for both video deposition and stenographic transcription necessary based on the "antagonistic milieu [of the case], coupled with the large-scale nature of th[e] litigation"), *with Davico v. Glaxosmithkline Pharm.*, 2008 WL 624049, *2 (D. Or. Jan. 23, 2008) (court declined to exercise its discretion to award video deposition costs, reasoning that videotaping a non-perpetuation deposition is unnecessary). Here, defendant has not provided an explanation to support why a video deposition was needed in addition to a court reporter for the same deposition. Because defendant has not explained why both were necessary, I deduct the videographer's fee of $420.00 for attendance at the May 31, 2012. Therefore, I award defendant $330.00 in fees for "other costs."

      **B.**    *Fees for Exemplification and the Costs of Making Copies of any Materials Where the Copies are Necessarily Obtained for Use in the Case*

Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case are recoverable. 28 U.S.C. § 1920(4). Defendant seeks $175.20 for the costs of making copies for its motion for sanctions and summary judgment materials. I find that the copying charges were necessarily incurred and award defendant $175.20 in costs.

3 – OPINION AND ORDER

### C.   *Docket fees under 28 U.S.C. § 1923(a)*

Finally, docket fees under 28 U.S.C. § 1923 are recoverable. 28 U.S.C. § 1920(5). Defendant seeks $20.00 in those fees as the prevailing attorney under § 1923(a). Because I granted defendant's motion for summary judgment, I award defendant a docket fee of $20.00.

## CONCLUSION

For the foregoing reasons, I GRANT IN PART defendant's bill of costs [115]. Defendant is awarded costs in the amount of $1,368.82.

IT IS SO ORDERED.

DATED this __19th__ day of April, 2013.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge